McFaklaND, J.,
delivered the opinion of tbe court.
This is a proceeding to liave tbe land of the defendants, or such part of it as may be required, appropriated to the use of the road of the petitioner, a chartered railroad company, either under the charter, or under the general provisions of law in the Code, see. 1325, etc.
A jury was appointed, who made a report, which was excepted to by the defendants; and, by consent, the exceptions were sustained, and the report set aside, for several good and sufficient reasons.
There was no notice to the owners of the time of making the inspection of the premises; the report did not describe the land set apart; and it did not assess the incidental damages.
The report being set aside, the previous order for the report was revised and made more specific, and the same jury were directed to proceed again.
A second report was thereupon made, and excepted to by the petitioner; but the exceptions were overruled, the report confirmed, and a final decree rendered; from which the petitioners have appealed.
The charter of the petitioner was granted by the same Legislature that enacted the Code of 1858, and there are some slight discrepancies between the mode of procedure pointed out by the charter for this proceeding, and the general provisions on that subject in the Code.
These discrepancies relate principally to matters of form, and are in no respect essential. We are to be *56 governed, we think, by the general ■ law. The provisions of the charter, in the parts referred to, are not in the nature of a contract that may be considered as impaired by the subsequent general provisions; and, beside, there is nothing to show that the charter had been accepted, or acted upon, before the general provisions were passed.
The first one of the exceptions now relied upon is, that the jury failed to offset the incidental advantages against the incidental damages.
The report shows, first, the value of the land actually appropriated; second, the incidental damages; and third, that there are no incidental advantages over and above the general advantages to other lands in the neighborhood; by which we understand that the only advantages are in the general advance in the price of land, resulting from the construction of the railway. To ignore this was, we think, strictly correct. See Woodfolk v. The Nashville & Chattanooga Railroad Company, 2 Swan, 440; The E. Tenn. & Va. Railroad Company v. Love, 3 Head, 63.
The second exception is, that the sheriff summoned two jurors in the place of two of those who were appointed by the court.
It is provided that the jury shall consist of five, unless a different number be agreed upon; and that they may be nominated by the court, selected by the parties, or summoned by the sheriff.
If named by the court, and the persons named are unable to attend, then the places of such persons shall be supplied by the sheriff.
*57 The report of the jury is to be reduced to writing, and signed by a majority of the jury. Code, secs. 1332-3-4, 1339.
In this case, the jury was nominated by the court, and the report shows that only three of the jury appeared, whereupon the sheriff then summoned two others, making five, all of whom signed the report.
The report that only three appeared, was equivalent to saying that the other two were unable to attend; and, besides, the report is signed by a majority of the original jury. We think that the exceptions are not well taken.
But the petitioner prayed ' an appeal to a jury, under section 1342. Section 1341 provides that either party may object to the report of the jury, and that the same may, on good cause shown, be set aside, and a new writ of inquiry awarded. Section 1342 provides that either party may also appeal from the finding of the jury, and, on giving security for costs, have a trial anew before a jury, in the usual way.
The court was of the opinion that, under the provisions of the charter, the petitioner having had a second report of the jury, was not then entitled to a trial before a jury in court.
As we have said, we think the general provisions of the law applicable'; but if the Code be subject to the same construction, there has been but one jury, and but one report: the first report was incomplete, and was treated as a nullity, and the same jury directed to report again; and we think that the peti *58 tioner was, under section 1342, entitled to a trial in court before a jury, upon securing costs.
The decree is reversed and the cause remanded, to be tried by a jury, in the ordinary mode.